UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD A. EFFINGER, | ) | CASE NO. 3:10 CV 1045 |
| | ) | |
| Petitioner, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| M. BEIGHTLER, | ) | <u>AND ORDER</u> |
| | ) | |
| Respondent. | ) | |

On May 10, 2010, petitioner <u>pro se</u> Richard A. Effinger filed the above-captioned petition for writ of habeas corpus under 28 U.S.C. § 2254. Effinger is incarcerated at the Marion Correctional Institution, having been convicted, pursuant to a guilty plea, of pandering sexually oriented matter and possession of criminal tools. For the reasons stated below, the petition is denied and this action is dismissed.

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). In addition, petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254(b).

It is evident on the face of the petition that Effinger has yet to exhaust his state court remedies, as there is no indication he has pursued an appeal to the Ohio Supreme Court when a motion for a delayed appeal was denied by the Eight District

Court of Appeals. Such review may be available, see Ohio Sup.Ct.R.P. II, sec. 2(A)(4)(a), and must be sought in order to exhaust state court remedies. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).[1] The petition is thus premature.[2]

Accordingly, this action is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed.R.App.P. 22(b); 28 U.S.C. § 2253.

IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

July 30, 2010

---

[1] Petitioner's attempt to pursue a habeas action with the Ohio Supreme Court in December of 2009, which was dismissed, is insufficient for purposes of exhaustion. A habeas action filed in the Ohio Supreme Court may be utilized solely to challenge trial court jurisdiction. Ohio Rev.Code § 2725.05.

[2] The court expresses no opinion concerning whether or not petitioner procedurally defaulted in the state court.

2